UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PEDRO ANTUNEZ REYES,

      Petitioner,

v.         Case No.:  2:26-cv-00384-SPC-DNF

WARDEN, GLADES COUNTY
DETENTION CENTER *et al.*,

      Respondents,

## **OPINION AND ORDER**

Before the Court are Pedro Antunez Reyes's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Antunez Reyes's reply (Doc. 7).  For the below reasons, the Court grants the petition.

Antunez Reyes entered the United States without inspection in May 2007 as a 17-year-old fleeing gang-related persecution.  He has no criminal history and is engaged to a U.S. citizen.  Antunez Reyes travelled to Florida in January 2026 to sell artwork at an art festival.  As he was leaving the state in his box truck on January 17, 2026, the Florida Department of Agriculture pulled him over for failing to stop at an agricultural inspection checkpoint.  The officers handed Antunez Reyes over to Immigration and Customs Enforcement ("ICE").  ICE sent him to Glades County Detention Center, where he remains detained without the opportunity to seek release on bond.  The Department of

Homeland Security commenced removal proceedings on January 19, 2026, by issuing a notice to appear.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Antunez Reyes. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Antunez Reyes asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners

2

in those cases, Antunez Reyes's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Antunez Reyes has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[1]

The Court will thus order the respondents to either bring Antunez Reyes before an immigration judge for an individualized bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review is the agency that schedules bond hearings. To be clear, subjecting Antunez Reyes to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Antunez Reyes receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026), which agreed with the government's interpretation of the INA. The decision is not binding here, and it contradicts the vast majority of district court opinions addressing the issue. The Court respectfully disagrees with the majority's reasoning and finds Judge Douglas's dissent more persuasive. And a circuit split is likely. In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

Pedro Antunez Reyes's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)  Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Antunez Reyes for an individualized bond hearing before an immigration judge or (2) release Antunez Reyes under reasonable conditions of supervision.  If the respondents release Antunez Reyes, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 2, 2026.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record